JOAQUIN V. GRACIANO, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Graciano v. Commissioner
Docket No. 6976-88
United States Tax Court
T.C. Memo 1990-117; 1990 Tax Ct. Memo LEXIS 117; 59 T.C.M. (CCH) 48; T.C.M. (RIA) 90117; March 8, 1990
Joaquin V. Graciano, pro se. Alvin A. Ohm, for the respondent. COHEN
*164 MEMORANDUM FINDINGS OF FACT AND OPINION COHEN, Judge: Respondent determined a deficiency in and additions to petitioners' Federal income tax as follows: Additions to Tax
Sec.
Sec.
Sec.
Year
Deficiency
6653(a)(1)
6653(a)(2)
6661(a)
1984
$ 69,904.49
$ 3,495.22
*
$ 17,343.12
Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended and in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. After concessions by respondent, the issues for decision are (1) whether petitioner had unreported miscellaneous income; (2) whether petitioner had unreported interest income; (3) whether petitioner is entitled to a deduction for cost of labor; (4) whether petitioner is entitled to a deduction for *119 materials and supplies in excess of the amount conceded by respondent; (5) whether petitioner is liable for the section 6653 additions to tax for negligence; and (6) whether petitioner is liable for the addition to tax under section 6661 for a substantial understatement of income tax. FINDINGS OF FACT Some of the facts have been stipulated, and the facts set forth in the stipulation are incorporated in our findings by this reference. Joaquin V. Graciano (petitioner) resided in Houston, Texas, at the time the petition in this case was filed. Petitioner was married to Maria De Jesus O. Moreno on September 27, 1984. *165 In 1984, petitioner was a carpenter and performed services for General Homes and Concord Homes, Inc. Petitioner reported $ 95,865.45 as gross receipts from his carpentry business in 1984. During 1984, petitioner and other contractors for General Homes employed illegal aliens. Charles Harper (Harper), a painting contractor for General Homes, and Lorenzo Rivera (Rivera), an employee of Harper's, requested that petitioner allow them to use his social security number and name to cash checks in order to pay the illegal aliens they employed. Harper and petitioner *120 would go to the bank on a weekly basis. Harper would write a check payable to petitioner who would endorse and cash the check and turn the proceeds over to Harper. Harper would then pay his employees in cash. Petitioner employed from two to six workers on an "as needed" basis to assist him in his carpentry work for General Homes. Petitioner would pay the employees weekly after he received payment from General Homes. Petitioner paid his employees in cash and had them sign a receipt. In 1984, petitioner reported gross receipts of $ 95,865 and claimed a cost of goods sold deduction comprised of "material and supplies" in the amount of $ 14,697.76 and "cost of labor" of $ 52,516. Respondent determined that petitioner had unreported income, was not entitled to his claimed deductions, dependency exemptions, child care and earned income credits, to file as head of household and is liable for self-employment taxes. Respondent has conceded that petitioner is entitled to the claimed dependency exemptions for the four children listed on his 1984 Federal income tax return. Respondent has further conceded that petitioner is entitled to a material and supplies expense deduction of $ 8,212.42. *121 OPINION Petitioner bears the burden of proof with respect to the issues in this case. Rule 142(a). Petitioner has offered no evidence to support the remainder of his claimed material and supplies expense deduction and no further allowance may be made. The record in this case establishes that petitioner was married on September 27, 1984, remained married through December 31, 1984, did not file a joint Federal income tax return for the year, and was self employed. Accordingly, as a matter of law, petitioner is not entitled to head of household filing status or child care and earned income credits. Secs. 2(b)(1); 21(e)(2); 32(d). He is liable for the self-employment tax. Sec. 1401(a). Unreported Income
Respondent asserts that petitioner had unreported miscellaneous income totaling $ 83,372 and unreported interest income of $ 21 for the year in issue. Petitioner has not produced any evidence with respect to the unreported interest income amount; accordingly, he is deemed to have conceded that amount. Respondent contends that Harper paid compensation to petitioner in the amount of $ 83,372 and that petitioner did not report this amount as income. Petitioner does *122 not dispute that Harper wrote checks payable to him and that he cashed the checks. Petitioner, however, contends that he did not keep the money after cashing the checks. Rather, petitioner asserts that the money was used to pay Harper's employees. Petitioner testified that he thought that the checks were written to him because he had identification that enabled him to cash checks. Petitioner further testified that he believed that Harper's employees could not cash their own checks at Houston banks without proper identification. Because petitioner's testimony is consistent with the realities of the business environment and not incredible, we conclude that not all of the amount determined as unreported income is attributable to petitioner. Harper did not testify at trial. We must approximate the portion of the $ 83,372 that represents amounts paid to Harper's employees "bearing heavily * * * upon the taxpayer whose inexactitude is of his own making." See Cohan v. Commissioner, 39 F.2d 540, 544 (1930). One of Harper's employees, Rivera, testified at trial. He stated that he received between $ 15,600 and $ 18,200 in 1984. Rivera further testified that there *123 were two or three persons working with him. Petitioner testified that he knew of four of Harper's workers aside from Rivera. We conclude that $ 60,000 (four employees at $ 15,000 per year) may be excluded as amounts paid to Harper's employees. The remainder represents unreported income to petitioner. Petitioner has not satisfied his burden of proof as to any additional amounts. Cost of Labor
At trial of this case, the Court stated that it believed that petitioner expended some amounts as cost of labor and that respondent should propose a reasonable allowance. In his post-trial brief, respondent proposed that, because petitioner was able to produce records substantiating 56 percent of his claimed material and supplies expense, petitioner should only be entitled to a similar percentage deduction of his claimed cost of labor. This allocation *166 results in a deduction totaling $ 29,409. It is not, however, our best approximation or judgment as to the accurate amount. Petitioner testified that he had between two and six employees earning between $ 300 and $ 450 per week. He did not provide evidence of the number of weeks worked. We conclude that petitioner incurred *124 labor costs and is entitled to a deduction in the amount of $ 40,000. See Cohan v. Commissioner, 39 F.2d 540, 544 (2d Cir. 1930). Additions to Tax
Section 6653(a)
Section 6653(a)(1) provides for an addition to tax equal to 5 percent of the underpayment of tax if any part of the underpayment is due to negligence or intentional disregard of the rules or regulations. Section 6653(a)(2) provides for a further addition to tax equal to 50 percent of the interest due on the underpayment attributable to negligence. For the purposes of section 6653(a), negligence is the lack of due care or the failure to do what a reasonable and ordinarily prudent person would do under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). Petitioner's failure to keep records sufficient to establish his tax liability justifies the imposition of the addition to tax for negligence. Sec. 1.6001-1(a), Income Tax Regs.; Schroeder v. Commissioner, 40 T.C. 30, 34 (1963). Respondent's determination is sustained with respect to this issue. Section 6661
Section 6661 provides for an addition *125 to tax equal to 25 percent of the underpayment of tax attributable to a substantial understatement of income tax. Sec. 6661(a); Pallottini v. Commissioner, 90 T.C. 498 (1988). An understatement is substantial if it exceeds the greater of 10 percent of the tax required to be shown on the return or $ 5,000. Sec. 6661(b)(1)(A). Petitioner presented no evidence or argument relating to any exception to liability under section 6661. Assuming the recomputation under Rule 155 results in a substantial understatement, petitioner is liable for the section 6661 addition to tax. To reflect the foregoing and concessions by respondent, Decision will be entered under Rule 155. Footnotes
*. 50 percent of the interest due on $ 69,904.49.↩